UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ZAMORA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LYFT, INC.,<br><br>        Defendant. | Case No. 16-cv-02558-VC<br><br>**ORDER RE MOTION TO DISMISS, STRIKE, OR STAY**<br><br>Re: Dkt. No. 31 |

### I.    Conversion

As the parties agreed at the October 27 hearing, the motion to strike as to the non-California plaintiffs is granted, and the motion to stay as to the California plaintiffs is denied. If the parties reach an impasse in discovery, they should submit a discovery letter in accordance with the Court's standing order.

### II.    Breach of contract

Lyft's motion to dismiss is denied. The plaintiffs argue that each Prime Time pop-up created a contract between the rider and Lyft, with the driver expressly named as beneficiary. The elements of contract formation are plausibly alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). And the plaintiffs' theory of contract liability is sufficiently clear from the operative complaint. *See* FAC (Dkt. 19) at ¶¶ 24-25, 36, 72.

The merger clause in Lyft's terms of service is irrelevant. A merger clause prevents the use of parol evidence to alter the terms of an existing contract. It doesn't prevent all subsequent attempts at contract formation or amendment. *See* Restatement (Second) of Contracts §§ 213-16 (1981). To the extent Lyft argues that riders couldn't have agreed to a contract by "clicking

through" a Prime Time pop-up, Lyft appears – surprisingly, given its platform – to be making a categorical argument against clickwrap agreements. But clickwrap agreements aren't categorically invalid, and Lyft hasn't explained why the agreements alleged in this case can be held at the Rule 12(b)(6) stage to lack the element of mutual assent. Lyft draws an analogy to the recent *Uber* case. *See O'Connor v. Uber Techs.*, Inc., 58 F. Supp. 3d 989, 999-1000 (N.D. Cal. 2014). But there the plaintiffs weren't relying on express language; they were alleging an implied-in-fact contract based on Uber's advertising to its customers. The Prime Time pop-ups offer stronger foundation for a contract claim.

Lyft's motion to strike as to the non-California plaintiffs is denied. The plaintiffs' pleadings are too unsettled on their nationwide claims – and the parties' briefs too thin on the choice-of-law analysis – for a proper consideration of Lyft's motion at this stage. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir. 2012). Lyft may renew its choice-of-law argument at a later date – at or before class certification – once Lyft has fully briefed the *Mazza* analysis based on the plaintiffs' newly amended complaint. Unless and until the plaintiffs can show that factual development specific to the nationwide class will have some bearing on this analysis, discovery with respect to the non-California plaintiffs' claims is stayed.

### III.   Tortious interference with prospective economic advantage

The plaintiffs have expressed their intention to clarify what wrongful acts support the tortious interference claim. Accordingly, Lyft's motion to dismiss is granted, and the plaintiffs have leave to amend. However, the Court cautions the plaintiffs' counsel that they have an obligation to perform a good-faith inquiry into their factual contentions and the applicable law, and to assert only those theories they genuinely believe have merit. *See* Fed. R. Civ. Pro. 11.

### IV.   UCL

The Court is very skeptical of the plaintiffs' argument for applying the UCL to a nationwide class. The plaintiffs' California "nexus" is difficult to discern in, say, a ride between a Hawaiian rider and a Hawaiian driver, riding in a Hawaiian car, to and from Hawaiian destinations, partly under the auspices of an alleged Hawaiian Prime Time contract. In fact, the

plaintiffs' own theory of contract liability seems to undermine their argument that California conduct has any meaningful relevance to the out-of-state plaintiffs' claims, other than by virtue of Lyft's San Francisco headquarters.  Nonetheless, as the plaintiffs' UCL theories remain somewhat unsettled at this stage, dismissing the nationwide UCL claim in its entirety would be premature.  For the time being, then, the nationwide and California classes are analyzed together for UCL purposes.  Lyft may renew its extraterritoriality argument when it revisits the larger choice-of-law argument against a nationwide class.

To the extent the plaintiffs' claim proceeds under the unlawful prong, Lyft's motion to dismiss is denied, as conversion supports an unlawfulness theory.  The plaintiffs have suggested that their tortious interference and breach of contract claims also support UCL liability.  But they have agreed that their tortious interference claim should be dismissed, and they haven't clearly identified the "independently unlawful" nature of Lyft's alleged breach of contract.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).  The plaintiffs therefore have leave to amend if they wish to reassert these additional unlawfulness theories more clearly.

To the extent the plaintiffs proceed under the unfair prong, Lyft's motion to dismiss is denied.  Neither the California Supreme Court nor the Ninth Circuit has abandoned the traditional balancing test for UCL unfairness.  *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).  The plaintiffs have satisfied this test at the pleading stage in alleging that Lyft's Prime Time pop-ups reduced riders' incentive to tip based on an economic promise Lyft then refused to honor.

To the extent the plaintiffs proceed under the fraudulent prong, Lyft's motion to dismiss is granted.  The plaintiffs may amend, provided they have some good-faith basis for alleging fraudulent conduct.  *See* Fed. R. Civ. Pro. 11.

## V.     California Labor Code

Lyft's motion to dismiss the expense reimbursement claim is denied.  Listing discrete expenditures is unnecessary where the plaintiffs have pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Lyft's related motion to stay is also denied.  The parties can submit a discovery letter if a dispute arises.

Lyft's motion to dismiss is granted as to the reporting time, meal break, and rest break claims.  The plaintiffs have leave to amend, but the Court notes that the plaintiffs' current theories appear ill-suited to claims of this kind.  If the plaintiffs choose to replead, they must – at a minimum – articulate some theory of how Lyft "required [them] to report for work" and impeded their meal and rest breaks.  Cal. Code Regs. tit. 8, § 11090; *see also Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034, 1039 (2012).

The plaintiffs have agreed to replead their overtime, minimum wage, and wage statement claims.  The plaintiffs have also agreed that their recordkeeping claim must be repled under PAGA.  These claims are dismissed with leave to amend.

The PAGA claim is dismissed for failure to satisfy the administrative exhaustion requirement.  The Court disagrees with the plaintiffs' contention that statutorily mandated exhaustion is a formality.  The plaintiffs must therefore send a new letter to LWDA, dated on or after October 27, 2016, and wait out the requisite notice period.  *See* Cal. Lab. Code § 2699.3(a)(2)(A).  Once the period has elapsed, the plaintiffs may then include their PAGA claim in the present action.  The Court sees no reason why the renewed PAGA claim, presumably based on the same set of facts as before, shouldn't relate back to the original complaint.  *See, e.g.*, *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1208-10 (N.D. Cal. 2013).

\*           \*           \*

The plaintiffs' amended complaint shall be filed no earlier than December 15, 2016.  If the Court approves a final settlement in *Cotter v. Lyft* before that time, the amended complaint should reflect the plaintiffs' reasoned view of the settlement's effect on their claims.

**IT IS SO ORDERED.**

Dated:  November 7, 2016

_____
VINCE CHHABRIA
United States District Judge

4