JAHAN C. SAGAFI (CAL. BAR NO. 227887)
jsagafi@outtengolden.com
RELIC SUN (CAL. BAR NO. 306701)
rsun@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

RACHEL BIEN (CAL. BAR NO. 315886)
rmb@outtengolden.com
MICHAEL J. SCIMONE (PRO HAC VICE)
mscimone@outtengolden.com
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Attorneys for Plaintiffs, Aggrieved Employees, and Proposed Class Members

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ZAMORA and RAYSHON CLARK on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>LYFT, INC.,<br><br>    Defendant. | Case No. 3:16-cv-02558-VC<br><br>**~~REVISED [PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND RELEASE** |

Plaintiffs have filed a Motion for Preliminary Approval of the class action settlement reached with Defendant Lyft, Inc., a hearing on which was held on May 3, 2018. The Court's scrutiny of the proposed Settlement has been as rigorous at the preliminary stage as it will be at the final approval stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036–37 (N.D. Cal. 2016). In accordance with that level of scrutiny, the Court has carefully considered the Settlement Agreement together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case. The Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing; orders the Class Notice be sent to the Settlement Class in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. The Court preliminarily approves the Settlement, together with all of its Exhibits, finding that the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies, for settlement purposes only, the following Settlement Class: "All Lyft Drivers who gave at least one Prime Time Ride in California during the period from August 18, 2014 to April 7, 2017, excluding Class Counsel and their employees and immediate family members and the judicial officers and associated court staff assigned to the Action and their immediate family members."

4. The Court finds, for settlement purposes only, that the Action may be maintained as a class action on behalf of the Settlement Class because:

a. Numerosity: Based on Lyft's records, more than 250,000 individuals have potential claims and are members of the Settlement Class. This satisfies the Rule 23(a)(1) numerosity requirement.

b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high and a single common issue will suffice. Plaintiffs allege, among other things, that the Prime Time "pop-up" displayed in the Lyft smartphone application during the Settlement Class Period creates a uniform right to relief for all Rides in which it was displayed to the passenger requesting a Ride.

c. Typicality. Named Plaintiffs' claims are typical of the claims of the Settlement Class Members and satisfy Rule 23(a)(3).

d. Adequacy: There are no conflicts of interest between Named Plaintiffs and Settlement Class members and Named Plaintiffs have retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

e. Predominance and Superiority: There is predominance and superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common legal and factual issues listed in the preliminary approval papers predominate over all other issues. Resolution of the common question constitutes a significant part of Plaintiffs' and Settlement Class Members' claims.

5. The Court appoints as class representatives, for settlement purposes only, Named Plaintiffs Alex Zamora and Rayshon Clark. The Court finds, for settlement purposes only, that the Named Plaintiffs will adequately represent the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel the law firm of Outten & Golden LLP. The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class Counsel's knowledge of the applicable law;

and the resources Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

7. The Court appoints Rust Consulting, Inc. as the Settlement Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

8. The Court finds that the revised proposed Class Notice, ECF No. 89-2, and the proposed plan of distribution of the Class Notice meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and hereby directs the Claims Administrator to proceed with the notice distribution in accordance with the terms of the Settlement Agreement.

9. Any Settlement Class Member who wishes to opt out from the Agreement must do so within 60 days of the Notice Date and in accordance with the terms of the Settlement Agreement.

10. Any Settlement Class Member who wishes to object to the Agreement must do so within 60 days of the Notice Date and in accordance with the terms of the Settlement Agreement.

11. The Court has reviewed and approves the claims process. To be considered timely, a Claim Form must be submitted by a Settlement Class Member so that it is postmarked and mailed to the Settlement Administrator, or submitted online via the settlement website, by no later than the Fairness Hearing, that is, by September 20, 2018. Any Claim Form postmarked or submitted after this date may be rejected as untimely and invalid. However, the parties have agreed to consider late-filed claims and will cooperate to ensure the greatest possible participation by Settlement Class Members.

12. The Court finds that the Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the lawsuit and the Settlement and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to

receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

13. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

14. The Court directs that a hearing be scheduled on September 20, 2018 at 10:00 a.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether the Released Claims should be dismissed with prejudice; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for Service Awards to the Named Plaintiffs should be approved. Plaintiffs shall file a motion for final approval of the Settlement no later than 14 days before the Fairness Hearing.

15. Plaintiffs may file motions for attorneys' fees, costs, and class representative Service Awards. Such motions shall be filed no later than 21 days before the Exclusion/Objection Deadline, and the reply briefs on such motions shall be filed no later than 14 days before the Fairness Hearing.

16. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by Lyft of an interpretation of, any liability or wrongdoing by Lyft, or of the truth of any allegations asserted by Plaintiffs, Settlement Class Members or any other person.

17. If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then (a) all parties will proceed as if the Settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

18. The Court directs that the following deadlines are established by this Preliminary Approval Order:

    a. Notice Date: within 45 days of this Preliminary Approval Order.

    b. Opt-Out Deadline: 60 days after the Notice Date.

    c. Objection Deadline: 60 days after the Notice Date.

    d. Claims Submission Date: September 20, 2018 (though, as described above, later claims may be accepted).

    e. Fairness Hearing: September 20, 2018 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: May 11, 2018

_____
HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE