Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Rachel Bien (Cal. Bar No. 315886)
rmb@outtengolden.com
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058

Michael J. Scimone (admitted *pro hac vice*)
mscimone@outtengolden.com
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Counsel for Plaintiffs, Aggrieved Employees,
and Class Members*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ZAMORA and RAYSHON CLARK, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC.<br><br>Defendant. | Case No. 3:16-cv-02558-VC<br><br>**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

On September 20, 2018, a hearing was held on the unopposed motion of Plaintiffs Alex Zamora and Rayshon Clark ("Named Plaintiffs") for final approval of the class settlement; and on the separate motions of Plaintiffs and their counsel for awards of the Class Representative Service Awards and the Class Counsel's Attorneys' Fees and Costs. Jahan C. Sagafi appeared for Plaintiffs. Simona A. Agnolucci and Jay Rapaport appeared for Defendant Lyft Inc. ("Lyft").

The Parties have submitted their Class Action Settlement Agreement and Release (the "Settlement"), which this Court preliminarily approved in its May 11, 2018 order (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Settlement Class Members have been given notice of the terms of the Settlement and the opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Lyft has given the Attorney General of the United States and the appropriate state officials in the states in which the Settlement Class Members reside timely notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing, by means of this order (the "Final Approval Order and Final Judgment") the Court grants the Motion for Final Approval of the Settlement and grants final approval to the Settlement, and HEREBY ORDERS as follows:

**Definitions**

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement, and personal jurisdiction over Lyft and all Settlement Class Members (except for those who timely and properly made opt-out requests). Specifically, this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

3. This Court also has jurisdiction to approve the Settlement's release of claims by Settlement Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

**Dissemination of Notice to Settlement Class Members**

4. Pursuant to the Preliminary Approval Order, the notice documents were sent to each Settlement Class Member by email or by first-class mail if email was not available. The notice was clear and organized, following the model forms provided by the Federal Judicial Center at www.fjc.gov. The notice materials informed Settlement Class Members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure was reasonable and afforded due, adequate and sufficient notice and protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable; was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to exclude themselves from or object to the proposed settlement and to appear at the Fairness Hearing; was reasonable and constituted due, adequate, and sufficient notice to all

persons entitled to receive notice; and met all requirements of Federal Rule of Civil Procedure 23(c)(2)(B), due process, and any other applicable rules of law.

**Notice to Attorneys General Pursuant to CAFA**

6. Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Lyft served upon the Attorney General of the United States and the appropriate state officials of the states in which the Settlement Class Members reside a notice of the Settlement consisting of: a copy of the complaint and any amended complaints in this action, including any materials filed with the complaints; a notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement; the proposed Notice; and a chart providing estimates of the number of Settlement Class Members in each state. This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

7. The Court finds and determines that Lyft's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. §1715(e) has no application to the Settlement.

**Certification Under Fed. R. Civ. P. 23**

8. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the Settlement and in Paragraph 3 of the Court's Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Settlement Class for purposes of settlement of this action.

**Fairness**

9. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to, and in the best interests of, the Named Plaintiffs, the Settlement Class and each Settlement Class Member and is consistent and in

compliance with all requirements of due process and federal law. The Court finds that the Settlement Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Settlement Class Members, Named Plaintiffs and Lyft, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs*, 955 F.2d at 1291.

10. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement, Section V, the payments to be made to the Named Plaintiffs, and the PAGA Payment (as defined in Paragraph 21(cc)) are fair and reasonable. The Plan of Allocation bases each Settlement Class Member's recovery on the amount of unrefunded commissions he or she earned for Prime Time Rides during various phases of the class period, as well as the total number of Rides driven. The Plan of Allocation is rational, fair, reasonable and adequate. The Court hereby gives final approval to the payments and Plan of Allocation. The Court orders those amounts be paid to the claimants out of the Net Settlement Fund in accordance with the terms of the Settlement.

**Class Member Response**

11. The Court further finds that the response of the Settlement Class Members to the Settlement supports settlement approval. Of the 245,975 Settlement Class Members, five opted out of the Settlement, none objected, and 65,609 (26.7%) submitted Claim Forms.

12. The Court approves Exhibit A to the Supplemental Declaration of Amy Tadewald for Rust Consulting, Inc., ECF No. 97-1 as the complete list of all Persons who have submitted timely requests to opt out of the Settlement Class. This list constitutes the final Opt-Out List under the Settlement.

**Appointment of Class Representatives and Class Representative Service Awards**

13. The Court confirms as final the appointment of Named Plaintiffs Alex Zamora and Rayshon Clark as Class Representatives of the Settlement Class. The Court finds that the Class Representative Service Awards, in addition to any payments to which they may be entitled under the Settlement as Authorized Claimants, are fair and reasonable.

14. Plaintiffs have satisfied the criteria as set forth in *Staton*, 327 F.3d 938. Under *Staton*, service awards should be evaluated using "relevant factors, includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.* at 977 (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (internal quotation marks omitted) (alterations in original). Here, the Class Representatives' initiation of this suit caused them to fear personal exposure and potential adverse consequences with future employers.

15. Both Class Representatives were substantially involved throughout the litigation, educating Class Counsel regarding Lyft's policies and procedures. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. The Court approves the $10,000 Service Awards to each of the two Class Representatives are fair and reasonable. Those payments shall be made to the Class Representatives from the Settlement Fund in accordance with the terms of the Settlement.

**Appointment of Class Counsel; Attorneys' Fees and Costs**

16. Class Counsel attest to performing substantial work on behalf of the Settlement Class Members, totaling at least 1490.5 hours valued at $753,674.50 in lodestar to date. The Court finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Settlement Class Members. Class Counsel's hourly rates, ranging from $240 to $260 for staff and $280 to $850 for attorneys, are reasonable in light of the market for legal services of this type and quality. The Court confirms as final the appointment of Jahan C. Sagafi, Rachel Bien, and Michael J. Scimone of Outten & Golden LLP as Class Counsel for the Settlement Class.

The Court finds that Class Counsel have capably and effectively represented the Settlement Class Members' interests. The Court finds and determines that the payment of $650,000 in attorneys' fees and $17,683.22[1] in litigation costs and expenses, for a total payment of $668,366.86 to Class Counsel, is fair and reasonable, especially in light of their outstanding work on this case. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994). This fee is 33 1/3% of the total fund. It is consistent with the Ninth Circuit authority and the practice in this District. The Ninth Circuit benchmark for megafund class action settlements of $50-200 million of 25% is to be adjusted upward or downward based on the size of the fund made available and in light of the lodestar cross-check. The $1.95 million settlement fund is well below the megafund range. In this District, fee awards of approximately 33 1/3% are typical for settlements up to $10 million. *See, e.g.*, *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 13 Civ. 04960, 2015 WL 12976106, at *4 (N.D. Cal Aug. 20, 2015) (Chhabria, J.) (33 1/3% fee; $10 million fund); *Bennett v. SimplexGrinnell LP*, No. 11 Civ. 01854, 2015 WL 12932332, at *6 (N.D. Cal. Sept. 3, 2015) (Tigar, J.) (38.8%; $4.9 million fund). Under a lodestar cross-check, the lodestar multiplier of 0.86x strongly supports the 33 1/3% fee award. The Court hereby gives final approval to that amount. The Court orders that payment of 95% of the fee and all of the costs be made to Class Counsel out of the Settlement Fund in accordance with the terms of the Settlement.

    Consistent with the discussion held at the Final Approval Hearing and with the Court's Standing Order, ¶ 45, the Court orders that, within sixty days of settlement payments being distributed to Class Members, Class Counsel shall file a Notice of Completion of Duties, describing the parties' and the Administrator's work in administering the settlement. The Notice shall include a proposed order authorizing release of the remainder of the fee.

---

[1] This number is $683.64 less than the $18,366.86 originally requested, based on Class Counsel's exclusion of two cost items inadvertently included in their original request.

**Settlement Administrator Report and Notice of Completion of Duties**

17. The Court finds that the Settlement Administrator has fulfilled its duties under the Settlement and re-confirms the appointment of Rust Consulting as Settlement Administrator. The Court approves a payment of up to $190,000 to the Settlement Administrator for its fees incurred in administering the settlement. If the Settlement Administrator's costs and time exceed $190,000, a request for a higher payment, justified by good cause, may be filed for the Court's consideration. Any additional amount to be paid to the Settlement Administrator shall be paid exclusively from the Net Settlement Fund.

18. By the earlier of six months from the date of this Order or upon completion of administration of the Settlement, Plaintiffs will file a Notice of Completion of Duties, describing the work performed by Class Counsel and the Settlement Administrator in completing the administration of the Settlement in accordance with the Settlement Agreement and the Court's orders and instructions.

**Release**

19. The Court has reviewed the releases in paragraph 21(f) and 21(v) and Section VII of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23 and all other applicable law.

20. Pursuant to this Final Approval Order and Final Judgment, with respect to the Released Parties, Class Members' Released Claims, as defined in Paragraph 21(f) of the Settlement Agreement (which definition is incorporated herein by reference) are hereby dismissed with prejudice and without costs, other than those costs permitted under the Settlement Agreement.

21. Pursuant to this Final Approval Order and Final Judgment, with respect to the Released Parties, Named Plaintiffs' General Released Claims, as defined in Paragraph 21(v) of the Settlement Agreement (which definition is incorporated herein by reference) are hereby dismissed with prejudice and without costs, other than those costs permitted under the Settlement Agreement.

22. Pursuant to this Final Approval Order and Final Judgment, the Stipulated Order Dismissing Non-Released Claims Without Prejudice is approved.

23. By operation of the entry of this Final Approval Order and Final Judgment and pursuant to the Settlement, all Settlement Class Members and Named Plaintiffs who have not opted out of the Settlement as provided in the Opt-Out List approved by the Court, are permanently barred from prosecuting against Lyft any Claim as set forth in Section VII of the Settlement.

24. As of the Effective Date, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released Named Plaintiffs' General Released Claims (in the case of the Named Plaintiffs) and Class Members' Released Claims (in the case of the Settlement Class Members) against Lyft and the Released Parties, and are bound by the provisions of this Agreement.

25. The Settlement Agreement and this Order are binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings: (i) that encompass the Named Plaintiffs' General Released Claims and that are maintained by or on behalf of the Named Plaintiffs and/or their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and (ii) that encompass the Class Members' Released Claims and that are maintained by or on behalf of any Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by this Order and/or his or her heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the

Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Class Members' Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement.

26. Except as explicitly provided in the Settlement Agreement, neither the Settlement (approved or not approved) nor any exhibit, document, or instrument delivered thereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, nor any proceedings taken pursuant thereto, shall be admissible in this or any other proceeding for any purpose, including as evidence, a presumption, concession, or an admission. Without limitation of the foregoing, nothing contained in the Settlement (approved or not approved) nor any exhibit, document, or instrument delivered thereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, nor any proceedings taken pursuant thereto, shall be given any form of res judicata, collateral estoppel, or judicial estoppel effect against Lyft or the other Released Parties in any administrative or judicial forum or proceeding. Notwithstanding the foregoing, reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement, as further set forth in the Agreement.

27. The Court finds the Settlement is in good faith pursuant to federal law and California Code of Civil Procedure 877.6, including that the amount to be paid in the Settlement is in accord with the Named Plaintiffs' and the Settlement Class Members' potential total recovery and Lyft's potential liability; that the allocation of the Settlement is fair; that the Settlement is not meant to be the equivalent of liability damages; that the Settlement considers the relevant financial circumstances of Lyft; and that the Settlement is not the product of and does not evince collusion, fraud, or tortious conduct. The tax status set forth in the Settlement Agreement for the Escrow Account established by Class Counsel is approved.

**Contingency on Finality**

28.     If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement, Paragraph 21(l)), this Final Approval Order will be automatically vacated upon notice to the Court; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be offered as, received as, construed as or deemed an admission of any kind by any of the Parties or as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action, including but not limited to, an admission by any Party of liability or non-liability or of the certifiability of a litigation class.

**Final Judgment and Dismissal**

29.     By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

30.     Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over the Named Plaintiffs, the Settlement Class and Lyft as to all matters concerning the administration, consummation and enforcement of the Settlement Agreement. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Lyft make the settlement payments in accordance with the terms of the Settlement.

31.     The Parties are hereby ordered to comply with the terms of the Settlement. The Parties, without further approval from the Court, may mutually agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of Settlement Class Members.

32.     This Action is dismissed on the merits and with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

Dated: September 26, 2018

_____
The Honorable Vince Chhabria
United States District Judge