Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Rachel Bien (Cal. Bar No. 315886)
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058
E-mail: rmb@outtengolden.com

Michael J. Scimone (admitted pro hac vice)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mscimone@outtengolden.com

*Counsel for Plaintiffs, Aggrieved Employees,
and Class Members*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX ZAMORA and RAYSHON CLARK, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>LYFT, INC.<br><br>        Defendant. | Case No. 3:16-cv-02558-VC<br><br>**PLAINTIFFS' RESPONSE TO OBJECTION AND OPT-OUT REQUEST OF CLASS MEMBER ALLYSON MCGEE**<br><br>Date:  N/A<br>Time:  N/A<br>Courtroom:  4, 17th Floor<br>Judge:  The Honorable Vince G. Chhabria |

**INTRODUCTION**

Objections to class action settlements often serve a valuable role in identifying deficiencies that courts have missed during the preliminary and final approval process – such as pointing out instances where class counsel failed to achieve a good enough result, procedurally shortchanged the class members, or colluded with the defendant to collect fees at the expense of the class.  However, some objections are presented for less noble purposes.  As Judge Rakoff of the Southern District of New York observed last month,

> Those who file objections to class action settlements may themselves be pursuing widely varying objectives. . . .  [S]ome objectors seek to pervert the process by filing frivolous objections and appeals, not for the purpose of improving the settlement for the class, but of extorting personal payments in exchange for voluntarily dismissing their appeals.

*In re Petrobras Sec. Litig.*, No. 14 Civ. 9662, 2018 WL 4521211, at *1 (S.D.N.Y. Sept. 21, 2018).  Although the Rule 23 amendments that go into effect on December 1 will likely do much to curb these abuses, "in the meantime individual courts bear responsibility for striking a balance between facilitating legitimate objections and protecting class members from objector extortion." *Id*.

Here, the late-filed objection/opt-out request appears to be of the latter type.  Had Ms. McGee filed a claim form, it would have been worth $12.76.  *See* Decl. of Amy Tadewald ("Tadewald Oct. Decl.") ¶ 16.[1]  When this was explained to Ms. McGee's counsel over the phone, he suggested that it is actually worth more than that – for Class Counsel – and followed up with an email to Class Counsel asking if some amount – "$50,000 for example" – could be "pa[id] to have her withdraw the objection."  *See* Decl. of Jahan C. Sagafi ("Sagafi Decl.") ¶ 5 & Ex A. (email from Objector's Counsel).  He also explained that he has Ninth Circuit briefing that he could cut and paste to readily appeal any adverse decision by this Court, signaling that the ease with which he could draw out the objection added to his leverage given Class Counsel's interest in ensuring timely payments to the Class and themselves.  Sagafi Decl. ¶ 6.

---

[1] Her total potential loss from the practices covered by the settlement, assuming Plaintiffs had fully prevailed on the merits, was $87.43.  *See* Decl. of Jahan C. Sagafi ("Sagafi Decl.") Ex. A.

-2-

Let us contrast these discussions with what Ms. McGee's attorney filed.

As an initial matter, the objection and opt-out request are over a month late and unsigned by Ms. McGee (which the settlement requires).  The objection complains about a notice that Ms. McGee had actual, repeated, timely access to; a settlement amount that this Court twice approved as fair, reasonable, and adequate; and a fee award that is well below Class Counsel's lodestar and well within the range of fee awards in this District.  The objection presents no authority for its claims of inadequate notice, or to support the argument that the settlement is inadequate, and it does not bother to address the factors that relate to attorneys' fees.  None of these objections are grounds to disturb a settlement.  Nor does Ms. McGee's counsel offer any justification for his untimely and ineffective attempt to exclude her from the settlement (which, in any case, is incompatible with objecting to it).

In light of these facts and the risk of the "objector extortion" that Judge Rakoff warned of, *Petrobas*, 2018 WL 4521211 at *1, Plaintiffs respectfully request an in-person hearing at the Court's earliest convenience; and, as discussed in Section II below, request that the Court impose an appellate bond of at least $5,000 pursuant to Federal Rule of Appellate Procedure 7.[2]

### FACTUAL BACKGROUND

The Court is familiar with the procedural history of this litigation and the details of the settlement, having granted both preliminary and final approval of the settlement after presiding over the case for two years.  Because the objection focuses on the notice process as its leading argument, details of the notice that Ms. McGee and nearly a quarter of a million other Class Members received are recited below.

The Settlement Administrator emailed notice of the settlement to 245,976 Class Members, including Ms. McGee, on June 25, 2018.  *See* Decl. of Amy Tadewald for Rust Consulting, ECF No. 92-5 ("Tadewald Sept. Decl.") ¶ 10.  Approximately 98.6% of the notices

---

[2] Plaintiffs understand that Lyft's counsel and McGee's counsel are available on Thursday, October 18, and Thursday, November 1, and Plaintiffs are willing to appear on a non-Thursday when the Court and all counsel are available as well

were successfully delivered.  *See* Tadewald Sept. Decl. ¶ 10.  Ms. McGee's notice was among them.  Tadewald Oct. Decl. ¶ 10.  The Court-approved settlement notices emailed to Class Members summarized the settlement's terms, answered key questions about it, and clearly indicated the deadlines to opt out or object to the settlement, as well as the date of the final approval hearing.  Tadewald Oct. Decl. Ex. A.

Though her counsel claims that Ms. McGee did not see or read the original notice sent to her email address (as an attached PDF with complete information), the objection concedes that she received a subsequent reminder email on August 3, 2018 at the same email address.  *See* ECF No. 104 (McGee Objection) at 7; Tadewald Oct. Decl. ¶ 11.  This reminder email was sent three weeks before the August 24 objection deadline.  In those three weeks, Ms. McGee made no discernable attempt to object or opt out.  *Id*. ¶¶ 13-15.  Although the objection argues that to do so, she would have had to "figure out" that there was a settlement website, ECF No. 104 (McGee Objection) at 7, the reminder notice she saw provided three prominent hyperlinks to that website and advised recipients that "[t]he website provides answers to common questions about the settlement."  *See* Tadewald Oct. Decl., Ex. C (Reminder Notice).  The Settlement Administrator sent Ms. McGee a second reminder notice three days before the objection/opt-out deadline, on August 21, 2018.  *See* Tadewald Oct. Decl. ¶ 12.  Despite receiving notice of the September 20 final approval hearing at least once a month and a half beforehand, she did not appear or take action before the hearing.

Clicking on the hyperlinks of the reminder email would have brought Ms. McGee to the case website, available at https://lyftclassactionsettlement.com/Home/portalid/0; *see also* Tadewald Oct. Decl. Ex. B (settlement website images).  The landing page prominently displays Class Members' options, including "Exclude Yourself from the Settlement" and "Object to the Settlement."  *Id.*  A tab at the top of the website, labeled "Notice," would have brought Ms. McGee to the original Court-approved notice describing those options, with instructions on how and when to exercise them.  *Id.*  A second tab provided her access to the full text of the settlement agreement, which describes the claim formula in detail.  *Id.*  And the Notice, like the

-4-

two reminder emails, contains a telephone number to obtain live support from the settlement administrator. *Id.*

In addition, all this information was provided in the PDF of the notice sent to Ms. McGee in the first email on June 25.

## ARGUMENT

### I. McGee's Counsel's Objections Lack Merit.

Ms. McGee's objections are untimely and, contrary to what the settlement plainly requires, not even signed by Ms. McGee herself, only her counsel. *See* Class Action Settlement Agreement and Release, ECF No. 85-2, at ¶¶ 21(o), 97, 98. They are also baseless. Rather than being interposed to protect Class Members, they appear to be designed to "extort[ a] personal payment[]." *In re Petrobras*, 2018 WL 4521211, at *1. Nonetheless, the three arguments in the objection – notice, settlement amount, and Class Counsel's fees – are addressed below.

### A. The Settlement Notice Procedure Satisfies Due Process.

Courts routinely approve email notices like the one sent here, and consistently overrule objections to them that are far better founded than Ms. McGee's. "[E]mail notification is particularly appropriate where a majority of the defendant's contact and communications with class members occur electronically." *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1263 (S.D. Fla. 2016). This is borne out here by the excellent delivery rate of 98.6%. *See* Tadewald Oct. Decl. ¶ 5. Courts have overruled objections to email notices with lower delivery rates. *See, e.g.*, *Bostick v. Herbalife Int'l of Am., Inc.*, No. 13 Civ. 2488, 2015 WL 12731932, at *27 (C.D. Cal. May 14, 2015) (finding notice sufficient where a combination of emails and postcards reached approximately 92.9% of the class).

The objection suggests that Ms. McGee did not personally receive adequate notice, but Ms. McGee herself does not say so – we have only the representations of her counsel. *See* ECF No. 104 (McGee Objection) at 7. In fact, the very first notice email to class members appears to have been successfully delivered to Ms. McGee, *See* Tadewald Oct. Decl. ¶ 10, and that notice

-5-

summarized the settlement's key provisions and listed the deadlines to opt out or object. Tadewald Oct. Decl. Ex. A.

Leaving that aside, even the McGee's counsel admits that Ms. McGee received a reminder email, ECF No. 104 (McGee Objection) at 7, which directed her to a website that contained complete information about the settlement.  That alone is sufficient to "describe . . . the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward," which is all that due process requires.  *See Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).  Indeed, the email reminder notice was more readily available to Ms. McGee than the one in *Lane*, where the district court overruled an objection to email notice that was intercepted by the objector's spam filter.  *See Lane v. Facebook, Inc.*, No. 08 Civ. 3845, 2010 WL 9013059, at *2 (N.D. Cal. Mar. 17, 2010), *aff'd*, 696 F.3d 811 (9th Cir. 2012).

The objection also complains that the settlement allocation formula was too confusing for Ms. McGee to "determine what . . . her approximate benefit . . . might be," ECF No. 104 at 8, but that is not the standard for adequate notice.  Class settlement notices "d[o] not need to" and frequently "c[an] not provide an exact forecast of how much each class member would receive" – the standard is whether they provided "class members enough information so that those with adverse viewpoints could investigate." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (internal quotation marks omitted).  The fact that Ms. McGee had such notice, but failed to investigate in the 21 days after she saw the reminder, is not a failure for which the rest of the Class should suffer.

**B.      The Relief to the Class Is Fair, Adequate, And Reasonable.**

The only objection to the amount of the settlement is that it is claims-made, and establishes no minimum amount that will go to the class.  ECF No. 104 at 8-9.  This is wrong. The entirety of the common fund is being paid by Lyft for the Class's benefit, with no reversion except under limited contingencies in which the settlement does not become final.  *See* ECF No. 85-2 (Settlement Agreement) ¶¶ 33 ("After the Effective Date, Lyft shall not have any right to

-6-

the return or reversion of the Settlement Fund, or any portion thereof," unless the settlement is disapproved or criteria for cancellation or termination are met), 82-85.

### C.    The Attorneys' Fees Are Reasonable.

The objection also challenges the fee award but presents no real argument.  It offers a conclusory statement that the fees here "appear[] to be undeserving based on the factors which the Court examines," but does not discuss those factors in any detail.  *See* ECF No. 104 (McGee Objection) at 9.  This is not an argument that warrants the Court's consideration, much less one that should disturb a settlement distribution to over 67,000 claimants.  *See* Tadewald Oct. Decl. ¶ 15.

### II.    McGee's Counsel's Attempt to Exclude McGee From the Class Is Also Improper.

Ms. McGee's counsel's attempt to exclude her from the class, like the objection, is untimely and unsigned.  *See* ECF No. 104-1 (McGee Opt-Out); *see also* ECF No. 85-2 (Settlement Agreement), ¶¶ 21(o), 87.  Moreover, it is incompatible with the objections he purports to file – under the settlement, a class member may either object or request exclusion, but cannot do both.  *Id.* ¶ 93.  The purported request for exclusion is therefore improper, too.

### III.    The Court Should Impose an Appellate Bond To Minimize the Risk of Extortion.

Given the risk of appeal here, as evidenced by Ms. McGee's counsel's posture and statements, Plaintiffs respectfully request that the Court require Ms. McGee to post an appellate bond in the amount of $5,000 pursuant to Federal Rule of Appellate Procedure 7.  Rule 7 permits district courts to impose, in their discretion, a bond to ensure payment of costs on appeal.  *See* Fed. R. App. Pro. 7; *Schulken v. Washington Mut. Bank*, No. 09 Civ. 2708, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013).  In deciding whether to assess a bond, courts consider (1) the appellant's financial ability to post bond; (2) the risk that the appellant will not pay costs of an appeal if she loses; and (3) the likelihood that the appellant will lose the appeal and be subject to costs.  *Id.*  These factors weigh in favor of requiring a bond here.[3]

---

[3] Plaintiffs currently understand that Ms. McGee would be allowed to appeal any adverse order by this Court per the normal rules.  However, the Final Approval Order remains in effect, and the

-7-

First, there is no indication that McGee is unable to post a bond, and in the absence of such a showing, this factor weighs in favor of imposing one. *Id.* Moreover, McGee's counsel appears to be ready and able to front the costs of any appeal on behalf of his client. Second, Ms. McGee's attorney's statements suggest that he has brought this appeal with the intent to delay proceedings in an effort to extract a payment from Class Counsel; there is a meaningful risk that he will do the same in an effort to avoid paying appellate costs. Third, the fact that McGee's objections have no merit, as shown above, weighs heavily in favor of imposing a bond.

Here, a bond in the amount of $5,000 is appropriate, and in line with bonds imposed by courts in this district facing similar objector appeals. *See, e.g., Keller v. Nat'l Collegiate Athletic Ass'n*, No. 09 Civ. 1967 (CW), 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (requiring objector to post $5,000 bond); *Schulken v. Washington Mut. Bank*, No. 09 Civ. 2708, 2013 WL 1345716 (LHK), at *6 (N.D. Cal. Apr. 2, 2013) (same); *Yingling v. eBay, Inc.*, No. 09 Civ. 1733 (JW), 2011 WL 2790181, at *2 (N.D. Cal. July 5, 2011) (same); *Fleury v. Richemont N. Am., Inc.*, No. 05 Civ. 4525 (EMC), 2008 WL 4680033, at *10 (N.D. Cal. Oct. 21, 2008) (same). This amount is intended to cover the taxable costs[4] of a likely appeal. It is consistent with Class Counsel's experience; in a recent appeal, the Ninth Circuit awarded Outten & Golden and co-counsel appellate costs of $3,728.60. *See* Sagafi Decl. ¶ 8.

### CONCLUSION

Although the objection can be readily rejected, Plaintiffs respectfully request an in-person hearing to minimize the risk of delay in implementation of the settlement.

---

remaining class members' appellate rights run as of the date the Court entered that order. In an abundance of caution, the parties have agreed that finality under the Settlement will be measured from the date on which the Court rules on the pending objections. This agreement is reflected in the proposed order being filed in opposition to Ms. McGee's objection.

[4] The Ninth Circuit has held that a Rule 7 bond may not cover attorneys' fees in a case where the only statutory fee-shifting provisions available would permit fees to be recovered from a defendant, not a class member. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959–60 (9th Cir. 2007) (bond could not cover fees because they would not be available against objector under the Clayton Antitrust Act).

Plaintiffs understand that Lyft's counsel and McGee's counsel are available on Thursday, October 18, and Thursday, November 1, and Plaintiffs are willing to appear on a non-Thursday when the Court and all counsel are available as well.

Dated:  October 11, 2018

Respectfully submitted,

By: /s/ Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Rachel Bien (Cal. Bar No. 315886)
OUTTEN & GOLDEN LLP
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058
E-mail: rmb@outtengolden.com

Michael J. Scimone (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mscimone@outtengolden.com

*Counsel for Plaintiffs, Aggrieved Employees, and Class Members*

-9-